**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2009

Charles R. Fulbruge III
Clerk

No. 09-10047
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAYMUNDO PEREYRA-RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:08-CR-46-ALL

Before BENAVIDES, PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Raymundo Pereyra-Ramirez appeals his conviction by a jury of possession with intent to distribute cocaine. He asserts that the judgment, which reflects that his conviction was pursuant to 21 U.S.C. § 841(a)(1) and (b)(1)(A), is erroneous because the jury was instructed that it had to find that the relevant drug quantity was 500 grams or more of cocaine, which is the base quantity for a conviction under § 841(b)(1)(B). Pereyra-Ramirez does not challenge the 121-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

month sentence that he received, but he contends that this court should amend the judgment to reflect a conviction under the lesser subsection. Pereyra-Ramirez concedes that he did not object to the jury instructions or to the entry of the judgment in the district court. We therefore review his claims for plain error only. To show plain error, Pereyra-Ramirez must show an error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If Pereyra-Ramirez makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

We have reviewed the record and conclude that Pereyra-Ramirez has not made the requisite showing. Even if there is clear or obvious error in the entry of the subsection in the judgment, Pereyra-Ramirez has not established that any such error "affected the outcome of the district court proceedings." *Puckett*, 129 S. Ct. at 1429 (internal quotation marks and citation omitted). Thus, he has not shown that the error had an effect on his substantial rights. *See id.* The judgment of the district court is AFFIRMED.